**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Edgar GUITTEREZ–GONZALEZ, a.k.a. Edgar Guitterez, a.k.a. Edgar Gonzalez, a.k.a. Fredy Maldonado, Defendant–Appellant.**

**No. 10–13377**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

May 19, 2011.

Anne R. Schultz, Wifredo A. Ferrer, U.S. Attorney, Kathleen M. Salyer, U.S. Attorney's Office, Miami, FL, William T. Zloch, United States Attorney's Office,

West Palm Beach, FL, for Plaintiff–Appellee.

Peter Vincent Birch, Federal Public Defender's Office, West Palm Beach, FL, Kathleen M. Williams, Federal Public Defender, Federal Public Defender's Office, Miami, FL, for Defendant–Appellant.

Before HULL, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Edgar Guitterez–Gonzalez appeals his 77–month sentence, imposed after he pleaded guilty to one count of illegal reentry of a deported alien in violation of 8 U.S.C. § 1326(a) and (b)(2). On appeal, Guitterez–Gonzalez argues that the court violated his Fifth and Sixth Amendment rights in calculating his recommended guidelines sentence by imposing a 16–level enhancement on the basis of prior convictions that were neither alleged in the indictment nor proved to a jury, citing *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). He acknowledges that his argument is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), and *United States v. Orduno–Mireles*, 405 F.3d 960 (11th Cir. 2005), but he asserts the issue to preserve it for possible review by the Supreme Court.

This Court reviews constitutional sentencing issues *de novo*. *United States v. Steed*, 548 F.3d 961, 978 (11th Cir.2008). We will reverse the district court only if it committed a harmful error. *United States v. Paz*, 405 F.3d 946, 948 (11th Cir.2005).

In *Almendarez–Torres*, the Supreme Court held the government need not allege prior convictions in its indictment, nor prove these convictions beyond a reasonable doubt, for a district court to use the convictions to enhance a sentence by increasing the maximum available sentence as allowed under 8 U.S.C. § 1326(b)(2). 523 U.S. at 226–27, 118 S.Ct. at 1222. In *Apprendi*, the Supreme Court declined to revisit *Almendarez–Torres*, ruling that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 489–490, 120 S.Ct. at 2362–63; *see also United States v. Booker*, 543 U.S. 220, 244, 125 S.Ct. 738, 756, 160 L.Ed.2d 621 (2005) ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."). This Court has explained that it remains bound by *Almendarez–Torres* unless the Supreme Court expressly overrules it. *United States v. Steed*, 548 F.3d 961, 979–80 (11th Cir.2008); *United States v. Greer*, 440 F.3d 1267, 1273–76 (11th Cir.2006); *United States v. Gibson*, 434 F.3d 1234, 1246–47 (11th Cir.2006).

Upon review of the record and consideration of the parties' briefs, we affirm. Guitterez–Gonzalez's argument that the district court erred by enhancing his sentence based on convictions not alleged in the indictment nor found by a jury is foreclosed by *Almendarez–Torres*, which explained that a prior conviction need not be alleged in the indictment nor proved to a jury even if the conviction serves as the basis for enhancing a sentence by increasing the maximum available term of imprisonment. *See Almendarez–Torres*, 523

U.S. at 226–27, 118 S.Ct. at 1222. Because Guitterez–Gonzalez challenges only the use of a prior conviction in calculating his guidelines range, and does not challenge the use of the conviction to increase his maximum possible sentence (as the petitioner in *Almendarez–Torres* did), the holding that the government need not allege the prior convictions nor prove them to a jury applies with even greater force here. Guitterez–Gonzalez misplaces his confidence in *Apprendi* and *Blakely*, which left *Almendarez–Torres* "undisturbed." *United States v. Shelton*, 400 F.3d 1325, 1329 (11th Cir.2005). The district court did not err by imposing the 16–level enhancement under U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A) based on Guitterez–Gonzalez's prior convictions.

**AFFIRMED.**